IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

F I L E D
JAN - 4 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Vernon J. Mills,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:07cv597 (JCC/TCB) |
| | ) |
| B. Watson,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Vernon J. Mills, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Portsmouth, Virginia, for one count of aggravated malicious wounding, two counts of malicious wounding, three counts of using a firearm in the commission of a felony, and one count of shooting at or into an occupied dwelling. On September 21, 2007, respondent filed a Motion to Dismiss and a Rule 5 Answer. Mills was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). On October 10, 2007, Mills responded by submitting a "Motion for Leave to Amend the Present Petition for a Writ of Habeas Corpus by Adding a Memorandum of Law"[1] and a Motion Requesting the Appointment of Counsel. For the reasons that follow, Mills' Motion to Amend will be granted, his Motion Requesting the Appointment of Counsel will be denied, and his petition will be dismissed.

---

[1] The Court notes that with a few minor exceptions, Mills' "Motion for Leave to Amend the Present Petition for a Writ of Habeas Corpus by Adding a Memorandum of Law" is nearly identical to the original petition for a writ of habeas corpus Mills filed on June 8, 2007.

## I. Background[2]

On January 17, 2002, at about 9:00 P.M., Brionne Covil, Jonathan Walker, and Kenneth Gatling were shot and wounded on Dale Drive in Portsmouth, Virginia. Pet. 15; Tr. 85, 151, 164-65. A bullet also struck the awning of the residence of Sylvia Gill, who was at home and heard the shot. Pet. 15; Tr. 188. When executing a search warrant unrelated to this shooting listing Mills' name,[3] officers recovered a gun that they testified at trial was used in the January 17, 2002 shooting. Tr. 223-24, 263-64. In the course of investigating the shooting, officers collected twelve bullets from the scene, ten of which were shown to have been discharged from the gun seized when executing the search warrant. Tr. 207, 264.

At trial, while admitting to having given different descriptions of the shooter during the course of the police investigation, Covil testified that Mills was, in fact, the shooter. Pet. 15-16; Tr. 89, 131-32. As a result of the shooting, Covil testified that he suffered permanent damage to his left arm and that he was unable to lift it above chest-level. Tr. 91, 324. Neither of the other victims, Walker or Gatling, could positively identify Mills as the shooter at trial. Pet. 16; Tr. 151, 170-71. Although Mills could not recall where he was on January 17, 2002, he testified that he was not at the location of the shooting, he did not fire the shots, and he did not know the victims. Tr. 291.

On May 24, 2004, a jury in the Circuit Court for the City of Portsmouth convicted Mills of one count of aggravated malicious wounding, two counts of malicious wounding, three counts of use

---

[2] The Court notes that neither the Court of Appeals of Virginia nor the Supreme Court of Virginia included summaries of the background facts of petitioner's case. Also, respondent's Motion to Dismiss does not offer a statement of facts. Thus, the Court relies on the trial transcript and Mills' petition to glean a background of the events giving rise to his convictions.

[3] The search was performed at the home of Felicia Jenkins, Mills' ex-girlfriend, and Mills was not present during the search. The warrant was executed at Jenkins' home because police believed that Mills was living with Jenkins. Pet. 5, 10-11; Tr. 215-16, 224-25.

Case 1:07-cv-00597-JCC-TCB   Document 20   Filed 01/04/08   Page 3 of 10 PageID# 424

of a firearm in the commission of a felony, and one count of unlawfully shooting at an occupied building. Commonwealth v. Mills, Case Nos. CR03-2646-01 through CR03-2646-07. The court sentenced Mills to 45 years and 6 months in prison. Sentencing Order dated Aug. 2, 2004. Mills filed a direct appeal in the Court of Appeals of Virginia in which he claimed that: (1) the trial court erred in admitting into evidence that the gun was recovered pursuant to a search warrant; (2) the trial court erred in refusing to admit into evidence a note Mills received while in jail; and (3) the evidence was insufficient to sustain a conviction on any of the charges. Mills v. Commonwealth, R. No. 1872-04-1, slip op. at 1 (Va. Ct. App. March 10, 2005). The court of appeals denied claims 1 and 2 because Mills cited no legal authority to support these claims and found that, with respect to claim 3, the evidence was sufficient to sustain Mills' conviction on all of the charges. Id. Mills filed a request to have his appeal considered by a three-judge panel of the court of appeals, which the court denied on May 23, 2005. Mills v. Commonwealth, R. No. 1872-04-1, slip op. (Va. Ct. App. May 23, 2005). Mills then appealed to the Supreme Court of Virginia, which denied his petition for appeal on October 5, 2005. Mills v. Commonwealth, R. No. 051159, slip op. (Va. Oct. 5, 2006).

On June 11, 2006, Mills filed a petition for a writ of habeas corpus in the Circuit Court for the City of Portsmouth, in which he claimed that: (1) there was insufficient evidence to support the convictions for all seven charges; (2) prosecutorial misconduct was present; and (3) counsel rendered ineffective assistance. Resp't. Ex. J at 5. By Order dated October 10, 2006, the Circuit Court dismissed claim 1 as procedurally defaulted because it was addressed by the Virginia Court of Appeals in Mills' direct appeal, claim 2 as procedurally defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), and claim 3 as failing to meet the test for ineffective assistance of counsel outlined in Strickland v. Washington, 466 U.S. 668 (1984). Mills v. Robinson, CL06-1869

(Va. Cir. Ct. Oct. 10, 2006). Mills appealed the Circuit Court's dismissal to the Supreme Court of Virginia, and on April 30, 2007, that court dismissed his petition because it did not comply with Virginia Supreme Court Rules 5:9 and 5:17(c). Mills v. Robinson, R. No. 062509, slip op. (Va. Apr. 30, 2007). On June 8, 2007, Mills filed the instant federal habeas petition, in which he claims that: (1) the evidence was insufficient to support his conviction for all seven charges; (2) prosecutorial misconduct was present; and (3) counsel rendered ineffective assistance.

## II. Outstanding Motions

On October 15, 2007, Mills filed a "Motion for Leave to Amend the Present Petition for Writ of Habeas Corpus by adding a Memorandum of Law" and a "Motion to Appoint Counsel." Under Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course anytime before a responsive pleading is served, but otherwise, a party may amend his pleading only with leave of court or by written consent of the adverse party. Here, Mills' "Motion for Leave to Amend" was filed after the respondent filed a Motion to Dismiss. However, because Mills' Amended Petition is nearly identical to his original petition and provides some additional analysis and case law, but presents no additional claims or arguments, his "Motion for Leave to Amend the Present Petition for Writ of Habeas Corpus by adding a Memorandum of Law" will be granted.

Additionally, there is no Sixth Amendment right to counsel to pursue a petition for a writ of habeas corpus. See Pennsylvania v. Finely, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). However, a court may provide counsel for an indigent inmate pursuing a petition for a writ of habeas corpus when "the court determines that the interests

of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) of the § 2254 Rules mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Petitioner has made no showing of "exceptional circumstances" and has ably filed his pleadings and replied to the Court's various orders, as well as demonstrated comprehension of the procedures and laws of this Court, the Fourth Circuit, and the United States Supreme Court. Moreover, because Mills' petition will be dismissed, it is unnecessary to appoint counsel for him, and his Motion for Appointment of Counsel will be denied as moot.

### III. Procedural Default

Claims 2 and 3 of Mills' petition are barred from federal habeas review because Mills did not properly present these claims to the Supreme Court of Virginia, and therefore, the Supreme Court dismissed these claims on procedural grounds. See Mills v. Robinson, R. No. 062509 (Va. Apr. 30, 2007). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

When these two requirements have been met, federal courts may not review the barred claims

absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of: (1) a denial of effective assistance of counsel; (2) a factor external to the defense which impeded compliance with the state procedural rule; or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Muncy, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In dismissing Mills' appeal of the circuit court's denial of his state habeas petition, the Supreme Court of Virginia expressly relied on Mills' failure to comply with the requirements of Va. Sup. Ct. R. 5:17(c), which requires that the petition for appeal "list the specific errors in the rulings below upon which the appellant intends to rely." Va. Sup. Ct. R. 5:17(c). Although Mills provided a detailed brief listing alleged errors committed during his trial in the petition he submitted to the Supreme Court of Virginia, he failed to specify the errors present in the circuit court's denial of his state habeas petition. The Fourth Circuit has held consistently that when the Supreme Court of Virginia dismisses a petition for a writ of habeas corpus pursuant to Rule 5:17(c), absent cause and prejudice or a miscarriage of justice, a federal court is barred from considering the petition provided that Rule 5:17(c) is an independent and adequate state ground for the decision. See e.g., Mueller v. Angelone, 181 F.3d 557, 582 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999). A procedural rule is adequate if it is regularly or consistently applied by the state court to cases that are procedurally analogous, see McCarver v. Lee, 221 F.3d 583, 589 (4th Cir. 2000), and is independent if it does not "depend on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S.

68, 75 (1985). Because the Fourth Circuit has held that Rule 5:17(c) is an independent and adequate state law ground for rejecting a petition for a writ of habeas corpus, claims 2 and 3 of Mills' petition are barred from federal habeas review. Mueller, 181 F.2d at 584; Yeatts, 166 F.3d at 264; Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

Moreover, Mills' pleadings fail to demonstrate cause for the procedural default or that a fundamental miscarriage of justice would result from the Court's failure to consider claims 2 and 3. In Mills' Response to the Court's June 26, 2007 Order, he argues that claim 2 should not be procedurally defaulted because the default arose from the ineffective assistance of his counsel both at trial and on direct appeal. However, because Mills' claim of ineffective assistance of counsel, claim 3, is itself procedurally defaulted, it cannot serve as a justification to excuse Mills' procedural default with respect to claim 2. Justus v. Murray, 897 F.2d 709, 713 (4th Cir. 1990). Moreover, Mills has not demonstrated either cause or prejudice for his procedural default under Rule 5:17(c) in the Supreme Court of Virginia. Although Mills makes a claim of actual innocence in his Amended Petition, his conclusory assertion is wholly without factual support. See Amend. Pet. 32. Thus, this Court is barred from reviewing claims 2 and 3 of Mills' petition, and these claims will be dismissed as procedurally defaulted. Because claim 1 was properly presented to the Supreme Court of Virginia on direct appeal, the Court will address this claim on the merits.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state

court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

### V. Merits

In claim 1, Mills contends, as he did on direct appeal, that the evidence was insufficient to support his conviction for all of the charges. Specifically, he argues that the evidence was insufficient to support two counts of malicious wounding because two of the victims, Walker and Gatling, could not identify Mills as the shooter at trial. Pet. 4. Also, he contends that the evidence was insufficient because his fingerprints were not found on the gun used in the shooting. Pet. 5. Further, Mills points out inconsistencies between Covil's descriptions of the shooter and claims that Covil's identification of Mills is not reliable. Pet. 6-7. Finally, Mills asserts that "the Commonwealth provided absolutely no evidence upon which any rational trier of fact could have found beyond a reasonable doubt that the petitioner shot at or into an occupied dwelling." Pet. 7.

The federal standard for an insufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307,

319 (1979) (emphasis in original). As to claim 1, the Court of Appeals of Virginia held on direct appeal that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Mills committed the charged offenses. Mills v. Commonwealth, R. No. 1872-04-1, slip op. at 2 (Va. Ct. App. March 10, 2005). Specifically, the court reasoned that, "Covil's testimony was competent and was not inherently incredible. In addition, Covil positively identified [Mills] both in court and out of court, and he stated that he saw appellant's face during the incident when [Mills] stood only about ten feet away from him." Id. The court also relied on Mills' testimony that he gave $500 to Covil before the trial, the jury's finding that Covil's injuries were severe and permanent, Gill's testimony that she heard gunshots and heard something hit the awning of her house, and evidence that a bullet was recovered from Gill's porch to deny Mills' appeal. See id. at 2-3. The court of appeals' reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Because the jury had before it evidence that Mills was the shooter, Covil suffered a permanent and significant impairment as a result of the shooting, Gill heard gunshots, and a bullet was recovered from Gill's porch, a rational trier of fact could have found the evidence sufficient to support Mills' conviction for aggravated malicious wounding, malicious wounding, use of a firearm in the commission of a felony, and shooting at or into an occupied dwelling. Accordingly, because the rejection of Mills' claim challenging the sufficiency of the evidence was neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, claim 1 of Mills' petition will also be dismissed.

## VI. Conclusion

For the above reasons, petitioner's Motion to Amend will be granted, petitioner's Motion

Requesting the Appointment of Counsel will be denied, respondent's Motion to Dismiss will be granted, and the petition will be dismissed. An appropriate Order shall issue.

Entered this \_\_\_4\_\_\_ day of \_\_\_January_____ 2008.

                                                                                /s/
                                                     **James C. Cacheris**
                                                     **United States District Judge**

Alexandria, Virginia